**MELLINGER KARTZMAN LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Steven A. Jayson, Esq.
Tel. (973) 267-0220
sjayson@msklaw.net
*Attorneys for Steven P. Kartzman, Chapter 7 Trustee*

Order Filed on May 16, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| In re:<br><br>ELAINA LIVA,<br><br>         Debtor. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Case No. 19-25392 (RG)<br><br>Chapter 7<br><br>Honorable Rosemary Gambardella |
|---|---|

**CONSENT ORDER RESOLVING CLAIM FOR AVOIDANCE OF FRAUDULENT TRANSFERS MADE BY ELAINA LIVA TO JAMIE WILLARD PURSUANT TO 11 U.S.C. §§ 544 AND 548**

The relief set forth on pages two (2) through four (4) is hereby ORDERED.

**DATED: May 16, 2022**

*/s/ Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge

Document    Page 2 of 4

Debtor: Elaina Liva
Case No.: 19-25392 (RG)
Caption: Consent Order Resolving Claim for Avoidance of Fraudulent Transfers Made by Elaina Liva to Jamie Willard Pursuant to 11 U.S.C. §§ 544 and 548

THIS MATTER having been brought before this Court by Steven P. Kartzman, the Chapter 7 Trustee (the "Trustee"), on behalf of the Estate of Elaina Liva (the "Estate"), by and through his attorneys, Mellinger Kartzman LLC, on application for the entry of a Consent Order in order to resolve a claim by the Estate against Jamie Willard ("Willard") for avoidance and recovery of fraudulent transfers made by Elaina Liva (the "Debtor") to Willard, pursuant to 11 U.S.C. §§ 544 and 548, and other applicable state law, and Willard having disputed the claims asserted against her by the Trustee, and the Trustee and Willard having agreed to amicably resolve the issues on the terms set forth herein, with Willard making no admission as to either liability or amount, as appears from the signatures of counsel affixed hereto, it is hereby:

**ORDERED AS FOLLOWS:**

1. Willard shall pay the sum of $8,000.00 (the "Settlement Amount") to the Trustee in full satisfaction of any claims that could be asserted by the Trustee on behalf of the Estate, against Willard for the recovery of any fraudulent transfers or preference payments avoidable, under either bankruptcy, or applicable state law. made by the Debtor to Willard.

2. Willard shall pay to the Trustee the sum of $6,000.00 (the "Initial Payment") within ten (10) days of the entry of this Consent Order (the "Order"). Thereafter. Willard shall pay $500.00 per month for four consecutive months starting thirty (30) days after the Initial Payment, until the Settlement Amount is paid in full.

3. To the extent that Willard fails to timely pay any of the payments due under this Consent Order, the Trustee, after providing Willard with seven (7) business days written notice to her counsel, Bruce Levitt, via email at blevitt@lsbankruptcylaw.com, to cure any such default, with said default then remaining outstanding, may thereafter file a certification of default with this Court entitling the Trustee to have a judgment entered by this Court in favor of the Trustee, on behalf of the

2

| | |
|---|---|
| Debtor: | Elaina Liva |
| Case No.: | 19-25392 (RG) |
| Caption: | Consent Order Resolving Claim for Avoidance of Fraudulent Transfers Made by Elaina Liva to Jamie Willard Pursuant to 11 U.S.C. §§ 544 and 548 |

Estate, and against Willard in the amount of $12,000.00, less any amounts previously paid by Willard to the Trustee, pursuant to this Consent Order.

4.  Willard, and the Trustee, on behalf of the Estate, each hereby waive and release any and all known or unknown claims Willard may have against the Estate, and the Estate may have against Willard, whether asserted or not.

5.  The parties hereto shall execute any and all documents and pleadings reasonably necessary to implement all of the foregoing provisions.

6.  The parties hereto release each other from any and all claims that have been or could be asserted with regard to the bankruptcy estate of Elaine Liva.

7.  The terms of this Consent Order are subject to the Court's approval and the issuance of a Notice of Settlement (the "Notice") and the following:

    (a)  If no objection to the Notice is filed, the issuance and docketing of a Certification of No Objection by the Clerk of the Bankruptcy Court; or

    (b)  if any objection to the Notice is filed, the overruling of any such objection by this Court.

In the event that an objection to the settlement is filed and sustained, the parties shall be restored to their pre-settlement positions, and any monies that had previously been paid pursuant to this settlement from Willard to the Trustee shall be returned to her.

8.  The parties, and anyone who succeeds to their rights and responsibilities hereunder, including their successors and/or assigns, are bound by this Consent Order. This Consent Order is made for the benefit of the parties and all who succeed to their rights and responsibilities.

9.  The Bankruptcy Court shall retain exclusive jurisdiction to adjudicate all matters arising under or in connection with this Consent Order.

3

Debtor: Elaina Liva
Case No.: 19-25392 (RG)
Caption: Consent Order Resolving Claim for Avoidance of Fraudulent Transfers Made by Elaina Liva to Jamie Willard Pursuant to 11 U.S.C. §§ 544 and 548

---

**MELLINGER KARTZMAN LLC**
*Attorneys for Steven P. Kartzman*
*Chapter 7 Trustee*

By: _____
STEVEN A. JAYSON, ESQ.

Dated: April 18, 2022

**WITNESS**

By: _____

Dated: April 18, 2022

**LEVITT & SLAFKES**
*Attorneys for Jamie Willard*

By: _____
BRUCE LEVITT, ESQ.

Dated: April 18, 2022

By: _____
JAMIE WILLARD

Dated: April 18, 2022

4